```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

JORDAN OUTDOOR ENTERPRISES, LTD.,     *

     Plaintiff,                       *

vs.                                   *

J&M CONCEPTS, LLC,                    *

     Defendant                        *
                                        CASE NO. 4:18-CV-126 (CDL)
                                      *
COUNTRY BREEZE VENTURES, LLC,
     Plaintiff,                       *

vs.                                   *

JORDAN OUTDOOR ENTERPRISES, LTD.,     *

     Defendant.                       *
```

O R D E R

J&M Concepts, LLC ("J&M") obtained a license to use intellectual property owned by Jordan Outdoor Enterprises, Ltd. ("Realtree") on J&M's energy drink containers. Realtree later permitted the Coca-Cola Company to use some of the same Realtree intellectual property on Mello Yello soft drink containers. Shortly after the Realtree-Mello Yello campaign started, J&M assigned its interest in the Realtree license to Country Breeze Ventures, LLC ("Country Breeze"). Country Breeze did not pay Realtree any royalties that were due under the License Agreement. Country Breeze filed a breach of contract action,

asserting that Realtree breached the License Agreement's exclusivity provision by continuing the Mello Yello campaign and that Country Breeze's nonperformance should be excused by virtue of Realtree's breach. Realtree brought a breach of contract counterclaim against Country Breeze, arguing that it did not violate the License Agreement's exclusivity provision and that Country Breeze thus owes it royalties due under the License Agreement. The Court concluded that genuine fact disputes precluded summary judgment on both of these breach of contract claims. *See generally Country Breeze Ventures, LLC v. Jordan Outdoor Enterprises, Ltd.*, No. 4:18-CV-172 (CDL), 2020 WL 1876252 (M.D. Ga. Apr. 15, 2020).

Realtree brought a separate action against J&M, asserting among other things that J&M breached § 29.2 of the License Agreement. Realtree claims that J&M was aware of the Mello Yello campaign and assigned the License Agreement to Country Breeze without disclosing the Mello Yello deal. Realtree argues that this action amounts to bad faith that diminished Country Breeze's ability to meet its obligations under the License Agreement. Realtree seeks damages from J&M that were caused by this alleged breach of § 29.2. J&M, on the other hand, brought a counterclaim against Realtree for misrepresentation, asserting that Realtree misrepresented the scope of the Mello Yello deal, that J&M reasonably relied on that misrepresentation in

consenting to the Mello Yello deal, and that J&M suffered damages as a result. The Court found that genuine fact disputes precluded summary judgment on both Realtree's § 29.2 breach of contract claim and on J&M's misrepresentation counterclaim. *See generally Jordan Outdoor Enterprises, Ltd. v. J&M Concepts, LLC*, No. 4:18-CV-126 (CDL), 2020 WL 2449278 (M.D. Ga. May 12, 2020).

After the Court decided both summary judgment motions, the Court ordered the parties to show cause why the two actions should not be consolidated for trial under Federal Rule of Civil Procedure 42. The parties all agreed that the two actions should be consolidated for trial, so the Court entered an order consolidating them. Order (July 31, 2020), ECF No. 85 in 4:18-cv-126. Before the Court entered its order of consolidation but after it was clear that all the parties consented to consolidation, Realtree filed a notice of non-party fault in the Country Breeze action, requesting apportionment under O.C.G.A. § 51-12-33. Notice of Non-Party Fault (July 30, 2020), ECF No. 62 in 4:18-cv-172. That notice informed Country Breeze that Realtree sought to argue that J&M breached a duty in tort that it owed to Country Breeze and that J&M is responsible for any damages Country Breeze seeks from Realtree. After the two actions were consolidated for trial, Country Breeze filed a motion to strike Realtree's notice of non-party fault, arguing

3

that Georgia's apportionment statute does not apply to the contract dispute between Country Breeze and Realtree.

The Court finds it unnecessary to determine whether Georgia's apportionment statute applies in contract actions because Realtree's notice of non-party fault is now moot. The two actions have been consolidated for trial, and Realtree still has its claim against J&M under § 29.2 of the License Agreement. In resolving the breach of contract claims between Realtree and Country Breeze, Realtree's claim against J&M under § 29.2 of the License Agreement, and J&M's misrepresentation claims against Realtree, the jury will necessarily determine the fault and damages attributable to each party in this consolidated action. Thus, the issues contemplated by the notice of non-party fault will be litigated at trial based on the claims that are already pending. For these reasons, the Court finds that Realtree's notice of non-party fault is moot, and Country Breeze's motion to strike it (ECF No. 88 in 4:18-cv-126) is terminated.

IT IS SO ORDERED, this 17th day of February, 2021.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA