IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JORDAN OUTDOOR ENTERPRISES, LTD., | * |
|     Plaintiff, | * |
| vs. | * |
| J&M CONCEPTS, LLC, | * |
|     Defendant | * |
| COUNTRY BREEZE VENTURES, LLC, | * CASE NO. 4:18-CV-126 (CDL) |
|     Plaintiff, | * |
| vs. | |
| JORDAN OUTDOOR ENTERPRISES, LTD., | * |
|     Defendant. | * |

O R D E R

Seventeen months after the dispositive motion deadline, ten months after the Court's orders on the summary judgment motions, and two weeks before the pretrial conference, Jordan Outdoor Enterprises, Ltd. ("Realtree") filed a motion to dismiss the action brought by Country Breeze Ventures, LLC for lack of subject matter jurisdiction. The unpunctual motion contests Country Breeze's standing to pursue its breach of contract claim.[1] As discussed below, the motion to dismiss (ECF No. 121) is denied.

---

[1] Country Breeze originally filed its action against Realtree in Case No. 4:18-cv-172. The action shares common questions of law and fact with this one, Case No. 4:18-cv-126, so the Court consolidated the two actions for trial. Order of Consolidation, ECF No. 85.

The Court has recounted the facts in other orders. *See, e.g., Jordan Outdoor Enterprises, Ltd. v. J&M Concepts, LLC*, No. 4:18-CV-126 (CDL), 2020 WL 2449278, at *1 (M.D. Ga. May 12, 2020); *Country Breeze Ventures, LLC v. Jordan Outdoor Enterprises, Ltd.,* No. 4:18-CV-172 (CDL), 2020 WL 1876252, at *1 (M.D. Ga. Apr. 15, 2020). In summary, Realtree designs camouflage patterns. Realtree entered a License Agreement with beverage maker J&M Concepts, LLC that permitted J&M to use certain trademarks and camouflage patterns on its Realtree Outdoor Energy Drink containers. J&M received an exclusive license to use some of Realtree's intellectual property on energy drinks and soft drinks, but there is a fact dispute on the scope of the exclusivity provision. Realtree also licensed some of the same trademarks and camouflage patterns to the Coca-Cola Company for use on Mello Yello soft drink containers. Fact disputes exist on issues related to the Mello Yello deal, including whether it violated the License Agreement's exclusivity provision and whether J&M consented to it. J&M later sold its Realtree-branded energy drink business to Country Breeze. Around the same time, Coca-Cola started selling Realtree-branded Mello Yello. Country Breeze contends that its sales of Realtree Outdoor Energy Drinks dropped immediately as a result, and Country Breeze became unable to pay its obligations to J&M. J&M foreclosed on its collateral—the assets that Country Breeze purchased from J&M—and

Case 4:18-cv-00126-CDL   Document 155   Filed 03/26/21   Page 3 of 5

purchased the assets at a public auction. The Realtree License Agreement was one of the assets that Country Breeze purchased from J&M, but by the time of the foreclosure sale Realtree had terminated the License Agreement for failure to pay royalties.

At summary judgment, Realtree argued that J&M could not recover from Realtree for any alleged breach of contract that occurred after J&M assigned the License Agreement to Country Breeze because any post-assignment breach of contract claim belonged to Country Breeze. Realtree's Br. in Supp. of Mot. for Summ. J. 14-15, ECF No. 30. When Realtree made this argument, it knew that J&M had foreclosed on its collateral and repurchased the assets at auction. The Court interpreted Realtree's argument to mean that J&M did not have any interest in a claim arising out of a breach of the License Agreement that occurred while Country Breeze was the licensee. And the Court accepted that argument in granting Realtree's summary judgment motion on J&M's breach of contract claim against Realtree.

Now in addition to its tardiness in asserting a lack of jurisdiction, Realtree completely abandons its previous position in order to avoid legal accountability. Typically, justice, equity and principles of estoppel would prevent a party from making such an untimely change of course. But subject matter jurisdiction cannot be waived. Therefore, the Court must decide the motion on its merits.

3

Realtree argues that when J&M foreclosed on the assets that constituted its collateral under § 6(b)(i) of the Security Agreement between J&M and Country Breeze, it foreclosed on any cause of action Country Breeze had against Realtree for a breach of the License Agreement that occurred while Country Breeze was the licensee. *See* Security Agreement § 6(b)(i), ECF No. 121-1. Thus, according to Realtree, Country Breeze's breach of contract claim against Realtree really belongs to J&M. Realtree's incomplete analysis is unpersuasive. The Security Agreement certainly defines "collateral" broadly, as "all of [Country Breeze's] right, title and interest in and to the Purchased Assets . . ., together with any other assets or rights related to any of the Purchased Assets, and to the extent not otherwise included, all proceeds of the foregoing, whether presently held or owned by the Debtor or hereafter acquired." *Id.* § 1. Thus, the secured collateral included the license from Realtree. But the Security Agreement also permits J&M "to sell, assign, lease or otherwise dispose of any Collateral, *or any part thereof*, either at public or private sale, in lot or in bulk, for cash, on credit or otherwise, with or without representations or warranties and upon such terms as shall be acceptable to" J&M. *Id.* § 6(b)(iv) (emphasis added). J&M represented to the Court that when it foreclosed on its collateral and repurchased the assets, it did not acquire Country Breeze's rights to causes of

4

action as a licensee under the License Agreement. It allowed Country Breeze to retain those claims.[2] So, even if J&M had a right under the Security Agreement to sell (and purchase) Country Breeze's breach of contract claim against Realtree, it elected not to do so. Having retained that claim, Country Breeze has standing to assert it. Realtree's motion to dismiss is, accordingly, denied.

IT IS SO ORDERED, this 26th day of March, 2021.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Realtree pointed to the "Notification of Public Disposition of Collateral," which stated that the collateral listed on the notice would be sold at public auction. Realtree's Mot. to Dismiss Ex. B, Notification of Public Disposition of Collateral, ECF No. 121-2. The notice lists "Intellectual Property Assets," including the License Agreement, but it does not state that it includes any claims Country Breeze had under the License Agreement. And, Realtree did not point the Court to any evidence to contradict J&M's representation that it agreed for Country Breeze to retain the breach of contract claim, which is understandable given that Realtree took this same position in its previous summary judgment motion. All the parties concurred that the Court could decide the current motion on the present record, which the Court deems to include J&M's uncontested factual representation that it agreed for Country Breeze to retain the breach of contract claim.